per curiam:
This is the first appeal by the Government under the Contract Disputes Act of 1978, 41 U.S.C. §§ 601, 607(g)(1)(B) (see also 28 U.S.C. § 2510(b)(2)), from a decision of a Board of Contract Appeals. The appeal urges that the Armed Services Board of Contract Appeals erred in awarding the contractor, under the Contract Disputes Act, interest (on most of his claims) back to October 31, 1977 when the claims were received by the contracting officer. Inland Services Corp., et al, ASBCA No. 24043, Dec. 31, 1979. We heard oral argument but postponed decision to await the court’s hearing and disposition of Brookfield Construction Co. v. United States, 228 Ct.Cl. 551, 661 F.2d 159 (1981), involved the very same issue.[1]
Brookfield was decided in an opinion issued September 23, 1981, and wholly governs this case. Plaintiffs are not entitled to interest on their allowed claim for periods prior to March 1, 1979. The decision of the ASBCA is therefore reversed to the extent it awarded interest for prior periods.
We understand that the principal amount of the claim has been paid, and that only the amount of interest remains to be calculated and paid. The determination of the amount to be awarded as interest (not earlier than for the period beginning with March 1, 1979) will be made in the Trial Division under 41 U.S.C. § 609(c), 28 U.S.C. §§ 1491, 2510(b)(2), and Rule 131(c). it is so ordered.
*515 On April 20, 1982 the court ordered that a judgment of $3,292.88 (as interest) be entered for Inland Services Corp., et al. and against the United States.

 There is no doubt that present plaintiffs had the right to elect under section 16 of the Disputes Act, 41 U.S.C.A. § 601 (note). The contracting officer’s decision was pending on March 1,1979, and his decision was issued on June 22,1979. The ASBCA reversed in most instances and allowed what it considered to be proper interest under the Act. The Government’s appeal concerns only the retroactive award of interest by the ASBCA.